IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ANDRE MICHAEL FELTS,** *et al.* | Case No. 2:20-cr-00258-JDW |

### MEMORANDUM

Not surprisingly, many defendants don't like the options available to them. Often, the Government has built a strong case, leaving a defendant little hope for success at trial. Good lawyers tell their clients as much, and the result is often a guilty plea. That's what happened in this case, but it wasn't the end of the story. Andre Felts pled guilty to charges of conspiracy and sex trafficking in minors. Almost immediately, he had buyer's remorse, and less than a week after his guilty plea, he asked to withdraw the plea. I denied his motion. Now, eight months later and on the eve of sentencing, Mr. Felts, represented by new counsel, asks me to reconsider that denial. I won't. Mr. Felts has not established manifest injustice to support reconsideration. In any event, on the merits, he has not offered a basis for me to let him withdraw his plea.

### I.       BACKGROUND

In August 2020, a grand jury charged Mr. Felts and two co-defendants with sex trafficking in minors and conspiracy. In March 2022, one of Mr. Felts's codefendants pled

guilty. I then continued the trial and set a trial date of September 6, 2022. In May 2022, Mr. Felts purported to fire his lawyer, Eugene Tinari, so Mr. Tinari moved to withdraw from the case. I held a hearing, during which Mr. Tinari and Mr. Felts spoke about Mr. Tinari's representation of Mr. Felts. Based on those discussions, Mr. Felts decided to continue on with Mr. Tinari as his counsel, so I denied the motion as moot. On July 29, 2022, I held a pretrial hearing and ruled on *in limine* motions. I also conducted a status conference and confirmed that the two remaining defendants were prepared for trial. They were.

In August 2022, Mr. Felts's remaining codefendant pled guilty. Then, on August 24, 2022, Mr. Felts moved to continue the trial due to a criminal incident that had occurred at his counsel's office in July 2022. I held a hearing, during which I heard from the Government, Mr. Tinari, and Mr. Felts. Mr. Tinari explained to me that more time was always helpful in preparing for trial but that he would be prepared on September 6. Based on that, I denied the continuance. Mr. Felts also expressed some concern with Mr. Tinari's representation, but I told him that I did not see a basis to appoint a new lawyer. I told him that, based on what I had heard from Mr. Tinari, I was confident that Mr. Tinari would be ready for trial.

On August 30, 2022, Mr. Felts wrote to me directly to tell me that he did not want Mr. Tinari to represent him. He asked me to postpone the trial and appoint new counsel to represent him. I held a hearing on September 6, 2022, but Mr. Felts offered me no

new reason for his request. I again reiterated to Mr. Felts that Mr. Tinari appeared prepared and that I did not think his concerns outweighed the interests of justice in a trial at that point. We began jury selection on September 6, 2022, and by September 8, 2022, I had seated a jury. Mr. Tinari participated in jury selection, asking questions of some jurors and making appropriate comments and challenges. Throughout jury selection, Mr. Tinari was discussing a possible plea with the Government. On September 8, 2022, before opening statements, the parties informed me that they had agreed to a plea pursuant to Fed. R. Civ. P. 11(c)(1)(C).

    I conducted a plea colloquy with Mr. Felts on September 8. During that colloquy, I explained all of Mr. Felts's rights to him, and he acknowledged them. I discussed with him that penalties that he faced, and he told me he understood. I had the Government recite the facts that it said it would prove if the case proceeded to trial, and I then asked Mr. Felts if he did what the Government charged. Under oath, he admitted that he did the things the Government said. I also asked Mr. Felts if there was any reason we should not move forward with his plea. He did not say anything. In fact, at no time during the plea colloquy did Mr. Felts indicate that his plea was anything other than knowing and voluntary. The most he did was tell me he wasn't sure why some defenses weren't viable. I told him I couldn't get into his discussions with his counsel. Ultimately, I asked Mr. Felts if he wanted to plead guilty. He said "yes," so I took his plea.

Six days later, on September 14, 2022, Mr. Felts filed a *pro se* motion to withdraw his guilty plea because he felt that Mr. Tinari was not prepared to defend Mr. Felts "with confidence." (ECF No. 120 at ¶ 7.) Mr. Tinari claimed that, during hearings before and during the trial, he was not comfortable expressing his concerns about Mr. Tinari in front of Mr. Tinari in open court. I ordered the Government to respond to the motion, and then I denied it. After that, I permitted Mr. Tinari to withdraw as Mr. Felts's lawyer, and I appointed Susan Lin in his stead. On April 18, 2023, Ms. Lin filed a motion on Mr. Felts's behalf, asking me to reconsider my decision to deny Mr. Felts's motion to withdraw. That motion is now ripe.

**II.   STANDARD**

A court may reconsider a prior ruling if the moving party shows: "(1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel Schumann v. Astrazeneca Phramaceuticals L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). Courts should only grant reconsideration "sparingly." *United States v. Cephalon, Inc.*, 159 F.Supp.3d 550, 555 (E.D. Pa. 2016).

## III.   ANALYSIS

### A.   Reconsideration

Mr. Felts's Motion invokes only the third prong of the reconsideration standard. He does not attempt to show a clear error of law or fact; instead, he claims only manifest injustice. To show manifest injustice, Mr. Felts would have to show egregious circumstances, such as a "guilty plea that is involuntary or is based on a plea agreement that the prosecution has rescinded." *Manifest Injustice*, Black's Law Dictionary (11th ed. 2019). Mr. Felts suggests that his plea was involuntary because he did not have an effective counsel with him when he decided to plead guilty. I disagree.

Mr. Felts's trial counsel, Eugine Tinari, acquitted himself well throughout the case. When I rejected Mr. Felts's repeated requests for a new lawyer, I did so after finding that Mr. Tinari was prepared for trial. He assured me that he was, and the preparation that he described supported that conclusion. Then, I observed Mr. Tinari's performance first hand during *vore dire*, and Mr. Tinari again performed well. Against this, Mr. Felts claims that Mr. Tinari failed to contact four potential character witnesses. But choosing not to pursue character witnesses (who would corroborate the factual basis for the charges against Mr. Felts and would open the flood gates for his character assassination) is a strategic choice. When a defendant suggests that his counsel was ineffective, whether to seek a new trial or to claim manifest injustice, I must assess the decision for reasonableness under all the circumstances, applying "a heavy measure of deference to

5

counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691 (1984) Mr. Tinari has stated under oath that he did a pretrial investigation and explained the reason for his strategic choices. My own observations support Mr. Tinari's assertion that he was prepared for trial and provided Mr. Felts appropriate counsel. Mr. Felts's real gripe is that Mr. Tinari could not find a stronger defense, but there's no evidence that a stronger defense existed.

Because Mr. Felts had effective counsel throughout the pretrial proceedings, the beginning of trial, and the plea negotiations, his plea was voluntary. And there's no injustice, let alone manifest injustice, in holding Mr. Felts to a plea that he entered voluntarily. So there's no basis for me to reconsider my prior decision.

**B.    Merits Of Claim**

Even if I were to consider Mr. Felts's Motion on the merits because he now has counsel, the motion would fail. A defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In evaluating if the defendant has made such a showing, the court must consider three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons to withdraw the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019). No factor weighs in Mr. Felts's favor.

*First*, Mr. Felts claims to maintain his innocence, even though during his plea colloquy he told me under oath that he was guilty. Mr. Felts's bald assertions of innocence, without any supporting facts, fall well short of showing a fair and just reason for requesting the withdrawal. *See id.* at 255. *Second*, the reason for Mr. Felts's request to withdraw his plea is weak. As I have already explained (in this decision and in ruling on the initial motion to withdraw the plea), there's no merit to Mr. Felts's ineffective assistance of counsel claims. Mr. Tinari might have told Mr. Felts a hard truth about his trial prospects, but that's what good lawyers do. At the same time, Mr. Tinari was also prepared to mount a trial defense if that's what Mr. Felts wanted. *Third*, and finally, allowing Mr. Felts to withdraw his guilty plea eight months after entering it "on the day of trial … when jurors, witnesses and court personal had been assembled for the trial" would prejudice the government. *United States v. Crowley*, 529 F.2d 1066, 1072 (3d Cir. 1976). The victims who were prepared to testify when Mr. Felts pled guilty have attempted to move on from the traumatic events on which Mr. Felts's conviction is based. Forcing them into court now would retraumatize them and make them less effective witnesses for the government. *See United States v. Shaheed*, 688 F. App'x 120, 124 (3d Cir. 2017). The Government shouldn't have to face such prejudice just because Mr. Felts regrets his decision to plead guilty.

## IV.     CONCLUSION

Mr. Felts decided to plead guilty, and he did so knowingly and voluntarily, a fact that he confirmed during his colloquy with me. Now, he has to live with that decision. I will not let him withdraw his plea. This should be the last time he asks. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

May 15, 2023