IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ANDRE MICHAEL FELTS,** *et al.* | **Case No. 2:20-cr-00258-JDW** |

### **MEMORANDUM**

Andre Felts pled guilty to five counts of sex trafficking and conspiracy in September 2022 and received a twenty-five-year sentence. He has tried repeatedly to avoid the consequences of his guilty plea. His latest effort takes the form of a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He argues that his lawyers were constitutionally deficient and that Congress did not intend to regulate domestic human trafficking when it enacted the Trafficking Victims Protection Act. His arguments are baseless, and I will deny his Motion.

### I.   BACKGROUND

#### A.   Pre-Trial Proceedings, Guilty Plea, And Appeal

On August 24, 2020, a grand jury returned a five-count indictment against Mr. Felts and his two co-defendants, charging them with sex trafficking in minors and conspiracy in violation of 18 U.S.C. §§ 1591, 1594(c), and 2. The indictment identifies Mr. Felts as "the leader of a prostitution ring that operated in and around Philadelphia." (ECF No. 1 at 1.) He retained Eugene Tinari, Esq. as counsel.

Trial began on September 6, 2022. On September 8, 2022, before opening statements, Mr. Felts pled guilty to all five counts pursuant to a plea agreement. His plea agreement explains the "statutory maximum and mandatory minimum sentences," including (a) "lifetime imprisonment [and] a mandatory minimum 5 years of supervised release up to lifetime supervised release" for violating 18 U.S.C. § 1594 (as charged in Count I) and (b) "lifetime imprisonment, a mandatory minimum 10 years' imprisonment, [and] a mandatory minimum 5 years of supervised release up to a lifetime supervised release" for violatin 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), and 18 U.S.C. § 2. (ECF No. 118 at ¶ 3.)

I conducted a change of plea hearing on September 8, 2022. During that hearing, I asked Mr. Felts confirmed that he understood the process that led to the plea agreement, that he signed it voluntarily, that he read it before he signed it, and that he did not have any questions about it. (ECF No. 208-2 at 13:7-15:13.) In addition, I explained to Mr. Felts the maximum and minimum penalties that he faced. In particular, I explained that "for the conspiracy charge, which is Count 1, you face a mandatory minimum of five years of supervised release, and for each of counts 2 through 5, which are the sex trafficking charges and aiding and abetting, you face a mandatory minimum of ten years in prison and five years of supervised release." (*Id.* at 21:23-21:5.) Mr. Felts confirmed that he understood those minimums.  At the end of the hearing, I asked Mr. Felts if he wanted to plead guilty. He said "yes," so I took his plea. The government did not offer Mr. Felts a

plea deal with terms more favorable than the agreement that he signed and executed that day.

Several days later, Mr. Felts filed a *pro se* motion to withdraw his guilty plea, alleging that Mr. Tinari had forced him to enter a guilty plea and was ineffective as counsel. (*See* ECF No. 120.) I denied his motion but granted his request for new counsel and appointed Susan Lin, Esq. On April 18, 2023, Ms. Lin filed a motion on Mr. Felts's behalf, asking me to reconsider my decision to deny Mr. Felts's motion to withdraw his plea. I denied the motion. On June 9, 2023, I sentenced Mr. Felts to 25 years' imprisonment, a lifetime of supervised release, a $500 special assessment, and restitution of $235,000.

Mr. Felts appealed his conviction and sentence. (*See* ECF No. 169.) The Third Circuit enforced the appellate waiver in the plea agreement and granted summary affirmance. (*See* ECF No. 199.)

### B. Section 2255 Motion

On June 12, 2023, Mr. Felts filed a Motion To Vacate, Set Aside, Or Correct A Sentence Pursuant to 28 U.S.C. § 2255. (*See* ECF No. 166.) However, he failed to file the required election form. On November 18, 2024, Mr. Felts filed another § 2255 Motion, this time using the election form. In his Motion, Mr. Felts asserts three grounds for relief: (i) Mr. Tinari allegedly misinformed Mr. Felts that the conspiracy charge carried a ten-year mandatory minimum sentence, constituting ineffective assistance of counsel; (ii) Ms. Lin

failed to appeal Mr. Felts's conviction and sentence based on this alleged misinformation, constituting ineffective assistance of counsel; and (iii) the government exceeded its authority when it prosecuted him pursuant to 18 U.S.C. § 1591 because Congress did not intend to criminalize wholly domestic human trafficking. The government has responded, and the Motion is ripe for review.

## II.     LEGAL STANDARD

Section 2255(a) permits a prisoner serving a federal sentence to move the sentencing court to "vacate, set aside, or correct the sentence" where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief pursuant to § 2255(a), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Cleary*, 46 F.3d 307, 310 (3d Cir. 1995) (quotation omitted). This heightened standard reflects "the great interest in finality of judgments," which "has special force with respect to convictions based on guilty pleas." *Id.* (quotation omitted).

Section 2255(b) requires a district court to hold a hearing to resolve the issues and make factual findings and legal conclusions on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ... ." 28 U.S.C. § 2255(b). In determining whether a hearing is warranted, "the court must

accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). The district court need not investigate a movant's claims based on "vague and conclusory allegations." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). However, if the movant alleges any non-frivolous facts that, accepted as true, would warrant relief under § 2255(a), then the court must hold an evidentiary hearing to resolve the motion. *See United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005).

## III.     DISCUSSION

### A.     Ineffective Assistance Of Counsel Claims

Mr. Felts's first two claims assert ineffective assistance of counsel. Under *Strickland v. Washington*, Mr. Felts must therefore "show that counsel's performance was deficient" by demonstrating "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. 668, 687 (1984). In addition, Mr. Felts "must show that the deficient performance prejudiced the defense." *Id.* To make this showing in a case involving a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Even if Mr. Felts could show that Mr. Tinari erred in advising him about the

minimum sentences that he faced, he cannot show that Mr. Tinari's advice affected his decision to plead guilty. If a lawyer provides his client erroneous sentencing information, but the plea agreement and colloquy correct that error, a defendant cannot succeed on an ineffective assistance of counsel claim. *See United States v. Shedrick*, 493 F.3d 292, 300 (3d Cir. 2007). Mr. Felts's plea agreement lays out the applicable maximum and minimum penalties. It makes clear that Mr. Felts faced a mandatory prison term on each of the sex trafficking counts but that the only mandatory minimum that applied to the conspiracy charge was a minimum of 5 years of supervised release. During the plea colloquy, Mr. Felts confirmed for me that he read and understood the plea agreement. Then, during the plea colloquy, I reviewed the charges with Mr. Felts, including the applicable maximum and minimum sentences. I explained that the conspiracy charge carried only a mandatory minimum of five years of supervised release but that the sex trafficking charges carried mandatory minimums of 10 years in prison. Mr. Felts confirmed to me that he understood the minimum penalties he faced. The plea agreement and colloquy therefore corrected any error that Mr. Tinari might have committed.[1] And all of that is clear from the record, so I don't need to hold a hearing.

      Because Mr. Felts cannot prevail on his claim that Mr. Tinari was ineffective, he also

---

[1] Mr. Felts suggests that if he knew that he didn't face a 10-year minimum sentence, then he "would have had the opportunity and benefit of pleading out to this [conspiracy] offense only" and received a lesser sentence. (ECF No. 206 at 6 of 75.) But the Government did not offer such a deal to Mr. Felts. (*See* ECF No. 208-2 at 13.) And there's no reason to think that the Government would have offered such a deal.

cannot prevail on his claim that Ms. Lin was ineffective in pursuing his appeal. "[T]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *Bui*, 795 F.3d at 366–67 (quotation omitted). Even if Ms. Lin had appealed on this ground, Mr. Felts cannot establish prejudice, *i.e.*, that "there is a reasonable probability that the result of the appeal would have been different." *United States v. Mannino*, 212 F.3d 835, 845 (3d Cir. 2000). In a similar case where the defendant's ineffective assistance of counsel claim was "flatly inconsistent with his written, signed plea agreement, as well as his sworn, in-court answers during his plea colloquy," the Third Circuit found no basis for relief. *Shedrick*, 493 F.3d at 300.

### B.     Challenge to 18 U.S.C. § 1591

Mr. Felts's argument about Congress's power to adopt 18 U.S.C. § 1591 fails for several legal reasons, not a factual question. *First*, Mr. Felts waived this claim as a part of his plea agreement, which bars him from "rais[ing] ... on collateral review any argument that ... the admitted conduct does not fall within the scope of the statutes." (ECF No. 118 ¶ 16.) In assessing whether this waiver controls, I consider: (i) whether the waiver was "knowing and voluntary"; (ii) "whether one of the specific exceptions set forth in the agreement prevents enforcement of the waiver"; and (iii) "whether enforcing the waiver would work a miscarriage of justice." *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (quotations omitted). I conclude that the waiver bars Mr. Felts's claim. The plea colloquy transcript demonstrates that Mr. Felts's plea was knowing and voluntary. None

of the exceptions to the waiver applies. And enforcing the waiver isn't a miscarriage of justice. Factors pertinent to a potential miscarriage of justice include "the clarity of the error, its gravity, [and] its character... ." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). In this case, there was no error at all. Section 1591 criminalizes sex trafficking "in or affecting interstate **or** foreign commerce." 18 U.S.C. § 1591(a) (emphasis added). Thus, Mr. Felts's wholly domestic conduct falls within the statute's ambit, and his prosecution was appropriate.[2] A panel of the Third Circuit reached the same conclusion in *United States v. Clayton*, No. 22-2908, 2024 WL 4371532, at *2 (3d Cir. Oct. 2, 2024) and I find its reasoning persuasive. The plea agreement's waiver therefore bars Mr. Felts's argument.

*Second*, this claim is procedurally defaulted. Mr. Felts had the opportunity to raise this argument on direct appeal but did not. He may not raise it now unless he can show cause and prejudice or that he is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (quotations omitted). Mr. Felts does not argue that he is actually innocent. And he cannot establish cause and prejudice. Nothing in his Motion shows that "some external impediment" prevented counsel from raising this claim, so there is no cause. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Nor is there prejudice. To demonstrate actual

---

[2] Because Mr. Felts states that he "does not challenge Congress's ability to legislate pursuant to the InterState [sic] Commerce Clause," I need not address whether § 1591 constitutes a valid exercise of Congress's Commerce Clause power. (ECF No. 206 at 13 of 75.) I merely note that the Third Circuit also addressed this question in *Clayton* and that I find its reasoning compelling. *United States v. Clayton*, No. 22-2908, 2024 WL 4371532, at *2 (3d Cir. Oct. 2, 2024). At any rate, Mr. Felts's plea agreement bars him from arguing that § 1591 is unconstitutional. (*See* ECF No. 118 ¶ 16.)

prejudice, Mr. Felts would need to show that a constitutional violation "worked to his actual and substantial disadvantage." *Shinn v. Ramirez*, 596 U.S. 366, 379–80 (2022) (quotation omitted). But his prosecution under § 1591 was lawful. Thus, there was no constitutional violation, much less disadvantage, and—even if Mr. Felts could show cause and prejudice—his underlying claim is without merit. Because these are matters of law, I need not conduct a hearing.

## IV.   CONCLUSION

I will deny Mr. Felts's motion without an evidentiary hearing because his ineffective assistance of counsel claims are frivolous in light of the factual record, and his challenge to § 1591 is an issue of law that is waived, procedurally defaulted, and meritless. Also, because Mr. Felts hasn't made a "substantial showing of the denial of a constitutional right," and no reasonable jurist would debate that finding, I will not issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

February 21, 2025